**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES N. MYERS, JR.,**

                **Plaintiff,**         8:08-CV-126
                                                                   (GLS/DRH)

                **v.**

**MS. CATHERINE CHOLAKIS,** *Acting Supreme Court Judge, in official and individual capacity*; **MS. ANN COONRADT,** *in official and individual capacity*; **MS. JESSICA HALL,** *Assistant District Attorney in official and individual capacity*; **JEROME FROST;**
**MR. DAVID RYNKOWSKI,** *Assistant Public Defender in official and individual capacity*; **MR. JEFF COMBS,** *Officer in official and individual capacity*; **MR. RUSSELL M. COONRADT,** *Officer in official and individual capacity*; **MR. BRIAN G. OWENS,** *Officer in official and individual capacity*; **MR. FURCINITI,** *Officer in official and individual capacity*; **TROY POLICE DEPARTMENT,**

                         **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**

JAMES N. MYERS, JR.
*Pro Se*
2534 5th Ave.
Troy, NY 12180

**FOR DEFENDANTS:**

HON. ANDREW M. CUOMO
New York Attorney General
The Capitol
Albany, NY 12224

BRUCE J. BOIVIN
Assistant Attorney General

Napierski, Vandenburgh Law Firm
296 Washington Avenue Extension
Albany, NY 12203

THOMAS J. O'CONNOR, ESQ.
ASA S. NEFF, ESQ.

Dreyer, Boyajian Law Firm
75 Columbia Street
Albany, NY 12210

JOHN B. CASEY, ESQ.

**Gary L. Sharpe
U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* James N. Myers ("Myers") brings this action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that Judge Catherine Cholakis violated his constitutional rights when she refused Myers' request for new counsel. Pending is Judge Cholakis' motion to dismiss under FED. R. CIV. P. 12(b)(1) and (6).  For the reasons that follow the motion is granted, and Judge Cholakis is dismissed as a defendant in this action.

### II. Facts

On July 20, 2006, Myers was arrested in Troy, New York.  (See

2

Compl. ¶¶ 3, 4; Dkt. No. 1.)  Subsequently Myers appeared before Judge Cholakis for a preliminary hearing arising out of charges related to his July 20th arrest.  *Id.* at ¶¶ 5,8.  Defendant Rynkowski was appointed as Myers' public defender.  *Id.* at ¶ 5.  Myers asked Judge Cholakis to appoint a different public defender to represent him, as Rynkowski - a prior district attorney - had previously prosecuted Myers.  *Id.* at ¶¶ 5, 9.  Judge Cholakis rejected Myers' request.  *Id.*  This suit ensued, with Myers suing Judge Cholakis in her individual and official capacity for unspecified money damages.  (See generally Compl., Dkt. No. 1.)

## III. Standard of Review

The standards of review under Federal Rule of Civil Procedure 12(b)(1) & (6) are well established and will not be repeated here.  For a full recitation of the relevant standards the court refers the parties to its prior opinions in *Dixon v. Albany County Bd. of Elections*, No. 1:08-CV-502, 2008 WL 4238708, at *2 (N.D.N.Y. Sept. 8, 2008) (Rule 12(b)(6)) and *Hunt v. United States*, No. 1:07-CV-0112, 2007 WL 2406912, at *1 (N.D.N.Y. Aug. 21, 2007) (Rule 12(b)(1)).

## IV. Discussion

**A.  Judicial Immunity**

3

Judge Cholakis first asserts that absolute judicial immunity shields her from liability for money damages in her individual capacity. Myers has failed to provide any cogent response to this argument.

Myers apparently seeks money damages against Judge Cholakis because she refused to grant his request for a new public defender in proceedings over which she presided. However, it is "well established that officials acting in a judicial capacity are entitled to absolute immunity ... and this immunity acts as a complete shield for money damages." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999). "[A]bsolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Here, Judge Cholakis' actions were clearly taken in her judicial capacity. As such, she is entitled to judicial immunity, and the claims asserted against her in her individual capacity are accordingly dismissed.

**B.    Sovereign Immunity**

Judge Cholakis next contends that the claims asserted against her in her official capacity must be dismissed pursuant to the doctrine of sovereign immunity. Again, Myers provides no meaningful response to this

4

argument.

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI.  This grant of sovereign immunity has also been held to prohibit federal suits brought by citizens against their own state without the state's consent. *See California v. Deep Sea Research, Inc.*, 523 U.S. 491, 501-02 (1998); *Hans v. Louisiana*, 134 U.S. 1 (1890).  Correspondingly, federal suits against arms of the state, including suits against state employees in their official capacity, are barred with exceptions not relevant here.  *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007).  Thus, to the extent Myers purports to sue Judge Cholakis in her official capacity as a New York State Judge, such claims are barred by the Eleventh Amendment.  Further, as all claims against Judge Cholakis have now been dismissed, she is dismissed as a defendant in this action.

### V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Judge Catherine Cholakis' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) and (6) (Dkt. No. 8.) is granted; and it is further

**ORDERED** that Judge Catherine Cholakis is dismissed as a party to this action pursuant to the doctrines of judicial and sovereign immunity; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Albany, New York
Dated: December 5, 2008

*Gary L. Sharpe*
U.S. District Judge